# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JUAN M. PEREZ,
RAHMAN S. ABDULLAH, and
LAMOND WARD,

                    Plaintiffs,

           v.                                          Case No. 04-C-1062

WISCONSIN DEPARTMENT OF CORRECTIONS,
MATTHEW FRANK, STEVE CASPERSON,
CINDY O'DONNELL, RICHARD RAEMISCH,
JOHN RAY, SANDY HAUTAMAKI,
ANA BOATWRIGHT,
WARDEN JEFFREY P. ENDICOTT,
SUZANNE DeHAAN, SALLY WESS,
KRISTINE TIMM, THOMAS GOZINSKE,
and LEO CAMPBELL,

                    Defendants,

---

# ORDER

Plaintiffs, Juan M. Perez, Rahman S. Abdullah, and Lamond Ward together lodged this pro se civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Each plaintiff petitioned the court to proceed in forma pauperis. Plaintiffs each paid an initial partial filing fee.[2] Thereafter, the court warned plaintiffs of the potential consequences of multi-prisoner plaintiff litigation. (January 28, 2005 Order). In light of this warning, plaintiff Ward has indicated his desire to withdraw from this litigation. His request will be granted, his petition to proceed in forma pauperis denied as moot, and his initial partial filing fee of $13.14 refunded to him.

---

[1]Plaintiff Wazir M. El-Amin was previously dismissed at his request. (January 28, 2005 Order).

[2]As ordered, plaintiffs Perez, Ward, and Abdullah paid initial partial filing fees. (November 9, 2004 Order). On November 23, 2004, plaintiff Perez paid $20.29. The next day plaintiff Ward paid $13.14. Plaintiff Abdullah paid $8.84, on December 9, 2004.

Plaintiffs Abdullah and Perez have opted to proceed with this action. Their petitions to proceed in forma pauperis are now ready for determination. Also addressed in this order are a motion to amend the complaint and motion for appointment of counsel.

Plaintiffs Abdullah and Perez's petitions to proceed in forma pauperis will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), each plaintiff is required to pay the full $150 filing fee for this action.[3] Plaintiff Perez paid the balance of his $150 filing fee on March 22, 2005. Thus, no balance remains to be collected from plaintiff Perez. The $141.16 balance of the filing fee owed by plaintiff Abdullah will be collected in the manner set forth below.

Plaintiffs seek to amend their complaint to abandon certain claims and defendants. (Motion to Amend at 1). Plaintiffs will be permitted to do so within 45 days of this order. However, they will be required to file an amended complaint which complies with Civil Local Rule 15.1 (E.D. Wis.). Such an amended complaint must be complete in itself and not contain any references to prior pleadings. Plaintiffs are directed to exclude from their amended complaint claims raised in the original complaint by the now-dismissed plaintiffs Ward and El-Amin.

The amended complaint will be screened pursuant to 28 U.S.C. § 1915A. Plaintiffs are reminded of the potential consequences of multi-plaintiff prisoner litigation. Each plaintiff will be held legally responsible for the amended complaint and other filings made in the case on his behalf, and the representations made in those filings. See Fed. R. Civ. P. 11. This includes claims made by co-plaintiffs. Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004). Accordingly, each plaintiff will be subject to sanctions under Fed. R. Civ. P. 11 if such sanctions are found to be warranted in any aspect of the case. Id. at 854-55. Similarly, the

---

[3]Plaintiffs filed this action prior to the February 7, 2005, the date on which an increase of the filing fee to $250 took effect. See 28 U.S.C. § 1914.

"strike rule," about which plaintiffs were previously advised, will apply to "all claims in the [amended] complaint, whether or not they concern" an individual plaintiff personally. Id. at 855. Thus, each plaintiff stands to incur a strike pursuant to 28 U.S.C. § 1915(g) if the action is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Id.

Plaintiffs sought appointed counsel at the same time that they lodged their original complaint. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiffs indicate that they sought representation from one attorney who was unable to accept their case. (Motion for Appointment of Counsel ¶ 7). They have not met their threshold burden. To do so, they should provide the court with the names and addresses of at least three attorneys who declined to accept their case. Their motion will be denied without prejudice.

## CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiff Ward's request to be dismissed from this action (docket #13) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Ward's petition to proceed in forma pauperis (docket #7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the initial partial filing fee in the amount of $13.14 be refunded to plaintiff Ward.

**IT IS FURTHER ORDERED** that plaintiff Perez's petition to proceed in forma pauperis (docket #5) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Abdullah's petition to proceed in forma pauperis (docket #4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff Abdullah's prison trust account the $141.16 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that plaintiffs' motion to amend the complaint (docket #15) is **GRANTED**. Plaintiffs shall have 45 days in which to file an amended complaint which complies with this order.

**IT IS FURTHER ORDERED** that plaintiffs' motion to appoint counsel (docket #2) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2005.

s/Lynn Adelman
LYNN ADELMAN
District Judge

-4-