UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUAN M. PEREZ and
RAHMAN S. ABDULLAH,
        Plaintiffs,

   v.                                       Case No. 04-C-1062

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,
        Defendants.

## DECISION AND ORDER

Plaintiffs, Juan M. Perez and Rahman S. Abdullah filed this joint pro se civil rights action under 42 U.S.C. § 1983. Presently before the court are plaintiffs' motion for leave to serve additional interrogatories and plaintiffs' motion for extension of time.

### I. MOTION TO SERVE ADDITIONAL INTERROGATORIES

Plaintiffs have requested permission to serve additional interrogatories on defendants pursuant to Fed.R.Civ.P. 33 and Civil L.R. 33.1 (E.D. Wis.). As grounds for their request, plaintiffs state that additional interrogatories are necessary because: (1) there are more than 15 defendants named in this action; and (2) the issues in this case are complex. Civil Local Rule 33.1(a) provides that a party may serve up to 25 interrogatories on any other party. For purposes of computing the number of interrogatories served, parties represented by one attorney or agency are regarded as one party. Civil L.R. 33.1(b)(1). If a party believes that additional interrogatories are necessary, the requesting party must promptly consult with the party to whom which the additional interrogatories would be propounded and attempt to reach a stipulation as to the allowable number of interrogatories. Civil L.R. 33.1(c).

In the present case, plaintiffs have made three unsuccessful attempts to confer with defendants to resolve this issue. Plaintiffs anticipate that they will need to propound ten interrogatories each on defendants Matthew J. Frank, Steve Casperson, Sharon Gozinkse and Sergeant Falke and 25 interrogatories on each of the remaining eleven defendants. Defendants object to plaintiffs' request on grounds that: (1) it is unduly burdensome; (2) plaintiffs have other discovery methods available; and (3) plaintiffs' motion is premature inasmuch as they have not yet served any interrogatories on defendants.

By their motion, plaintiffs have not demonstrated that it is necessary to propound more than 300 interrogatories on defendants. On the other hand, incarceration and plaintiffs' indigent status serve as obstacles to the use of other discovery methods. Upon due consideration, plaintiffs shall be permitted to propound upon defendants Frank, Casperson, Gozinkse and Falke ten interrogatories each. In addition, plaintiffs may serve up to 50 interrogatories total on the remaining eleven defendants. If in the future it becomes apparent that plaintiffs require additional discovery, they may file another motion requesting permission to serve additional interrogatories. However, plaintiffs are advised that the court reserves the right to restrict their use of interrogatories if it appears that the discovery sought is unreasonably cumulative, there has been ample opportunity to obtain the discovery sought, or the burden or expense of the proposed discovery outweighs its likely benefit. See Fed.R.Civ.P. 26(b)(2).

## II. MOTION FOR EXTENSION OF TIME

Plaintiffs have asked for an additional 60 days in which to conduct discovery and an extra 105 days to file a dispositive motion. Fed.R.Civ.P. 6(b) states in relevant part,

2

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order...

Review of the docket in this case reveals that the deadline for conducting discovery was March 20, 2007, and the dispositive motion deadline is April 19, 2007. Defendants do not object to plaintiffs' request. And, as noted above, plaintiffs have not yet served any interrogatories upon defendants. For these reasons, I will grant plaintiffs' motion for extension of time. The parties are hereby advised that an amended scheduling order is forthcoming.

As a final matter, defendant John Ray passed away on February 15, 2007. Defendant Ray's death was suggested on the record on March 6, 2007. Plaintiffs are advised that they have 90 days from the date of service of the suggestion of death in which to file a motion for substitution of defendant Ray. See Fed. R. Civ. P. 25(a)(1).

### III. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiffs' motion for permission to serve additional interrogatories (Docket # 57) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for extension of time (Docket #64) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 5 day of April, 2007.

/s
LYNN ADELMAN
District Judge